IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ARTHUR SEAN WARNER,**

    **Petitioner,**

**v.** //     CIVIL NO. 1:15CV164
    CRIMINAL NO. 1:14CR81
    **(Judge Keeley)**

**UNITED STATES OF AMERICA**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DENYING PETITION [DKT. NO. 1]**

Pending before the Court is the Report and Recommendation ("R&R") (dkt. no. 16) of the Honorable James E. Seibert, United States Magistrate Judge, to which the pro se petitioner, Arthur Sean Warner ("Warner"), has filed objections (dkt. no. 18). For the reasons that follow, the Court **OVERRULES** Warner's objections, **ADOPTS** the R&R, and **DENIES** and **DISMISSES** the petition **WITH PREJUDICE**.

**I. BACKGROUND**

On September 18, 2015, Warner filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (dkt. no. 1). In his petition, Warner sets forth the following three grounds for relief:

    (1) His counsel was ineffective in failing to move suppress items found in a safe, the search of which was not covered under the otherwise valid search warrant;

  (2) His counsel was ineffective because he conspired with the government to decline to investigate and object to a prior conviction that served as a predicate offense for Warner's career offender sentencing enhancement; and

  (3) The Court incorrectly sentenced him as a career offender.

Id. at 5, 6, and 8. Warner asks the Court to vacate his judgment, sentence, and plea, and to give him a two-level reduction under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G." or "guidelines") and 28 U.S.C. § 994(o).

  In accord with LR PL P 2, the Court referred this matter to Magistrate Judge Seibert for initial screening and an R&R. Magistrate Judge Seibert directed the government to file a response to the petition (dkt. no. 3). The government did so (dkt. no. 9), asserting the following contentions:

  (1) Warner had knowingly and voluntarily waived the right to file a § 2255 motion incident to his plea, with the exception of certain claims of ineffective assistance of counsel;

  (2) Warner had procedurally defaulted all three claims in his petition because he did not raise them on direct appeal;

  (3) Warner's counsel was not ineffective for failing to move to suppress items seized without a warrant, because the search warrant specifically listed safes and lock boxes as items to be seized;

2

> (4) Warner's counsel was not ineffective for failing to object to the application of the career offender enhancement because, despite Warner's claim that one of his predicate offenses should not count as he was serving a probationary sentence for that offense at the time he was sentenced on the instant charges, even without that conviction, he had been convicted of at least two other serious felony drug offenses; and
>
> (5) Warner was not entitled to a two-level reduction because he was sentenced under the 2014 sentencing guidelines, which already included the two-level reduction under Amendment 782.

Dkt. No. 9 at 4-9.

In his reply to the government's contentions (dkt. no. 10), Warner withdrew his ineffective assistance of counsel claim regarding any failure to move to suppress the items found in the safe; however, he continued to argue that he did not qualify as a career offender. In addition, while the R&R was pending, he moved to amend his petition in light of the ruling of the Supreme Court of the United States in <u>Molina-Martinez v. United States</u>, 136 S. Ct. 1338 (2016), to allege an additional claim based on inaccuracies in the calculation of the sentencing guidelines.

In his R&R, Magistrate Judge Seibert concluded that Warner had knowingly and voluntarily waived any collateral attack based on ineffective assistance of counsel, either prior to or during his sentencing. Further, even if Warner had not waived such collateral

3

attack, Magistrate Judge Seibert found that his counsel had not been deficient in his representation by failing to object to Warner's classification as a career offender because Warner had at least two predicate offenses that supported the Court's decision to sentence him as a career offender. As to Warner's claim that counsel had conspired with the government, the R&R concluded that such a threadbare legal conclusion failed to meet the heightened pleading standards required of habeas petitions. Finally, Magistrate Judge Seibert recommended denying Warner's motion to amend his petition to add a claim based on inaccuracies in the calculation of the sentencing guidelines because it was time-barred and did not relate back. For all those reasons, he recommended that the Court deny Warner's petition and dismiss it with prejudice.

In his sole objection to the R&R (dkt. no. 18), Warner argued that he was not a career offender because his prior Arizona convictions were not predicate offenses. He included copies of certain sentencing documents related to his two Arizona convictions in support of his arguments.

While the R&R was pending review, Warner filed three motions (dkt. nos. 19, 21, and 23) seeking to supplement his petition to add arguments that 1) the decision of the Supreme Court of the

United States in <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016), further supported his claim that his Arizona convictions were not predicate offenses, and 2) <u>Chang-Cruz v. United States</u>, 659 Fed. Appx. 114 (3rd Cir. 2016) (unpublished), supported his argument that the statute forming the basis of his New Jersey conviction did not qualify as a predicate offense. In support, Warner attached copies of the relevant New Jersey judgment of conviction (dkt. no. 21-1; dkt no. 23-1).

## II. STANDARD

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." <u>Dellacirprete V Gutierrez</u>, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. <u>McPherson v. Astrue</u>, 605 F. Supp.2d 744, 749 (S.D.W.Va. 2009) (citing <u>Howard's Yellow Cabs, Inc. v. United States</u>, 987 F.Supp. 469, 474 (W.D.N.C. 1997)).

Further, failure to raise "any specific error of the magistrate's review" waives the claimants right to a de novo review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Likewise, "general and conclusory" objections to the magistrate's R&R do not warrant a de novo review by the District Court. Id. (citing Howard's Yellow Cabs, 987 F.Supp. at 474); see also Green v. Rubenstein, 644 F.Supp.2d 723 (S.D.W.Va. 2009).

### III. DISCUSSION

Warner did not object to the R&R's conclusions that his motion to amend was untimely, or that he had inadequately pleaded his proposed additional claim that the probation officer improperly calculated the guidelines. Nor does he object to the R&R's conclusion that he inadequately pleaded a conspiracy between his counsel and the government. His sole objection is that he does not qualify as a career offender. Consequently, as to those portions of the R&R to which Warner did not object, the Court finds no clear error and adopts the reasoning in those portions as its own. Further, the Court **GRANTS** Warner's motions to supplement his petition to add his arguments related to the rulings in Mathis and Chang-Cruz (dkt. nos. 19, 21, and 23). Thus, the sole remaining issue is whether Warner has at least two prior convictions that

qualify as "controlled substance offenses" under § 4B1.1 of the sentencing guidelines.

### A.   The Categorical and Modified Categorical Approaches

In determining whether a prior conviction is a predicate offense triggering an enhancement under the sentencing guidelines, the Court "approach[es] the issue categorically, looking 'only to the fact of conviction and the statutory definition of the prior offense.'" United States v. Dozier, 848 F.3d 180, 183 (4th Cir. 2017) (quoting United States v. Cabrera-Umanzor, 728 F.3d 347, 350 (4th Cir. 2013) (quoting in turn Taylor v. United States, 495 U.S. 575, 602 (1990))). Under this categorical approach, the Court looks solely at the elements of the state criminal law, not at the defendant's actual conduct in committing the crime. Id. A prior conviction is a predicate offense if the elements of the relevant statute "'correspond[] in substance' to the elements of the enumerated offense." Id. (alteration in original) (quoting Taylor, 495 U.S. at 599). In addition, if the statute of prior conviction provides various "means" of satisfying an element, some of which would fall within the guideline definition, and at least one other that would not, it is broader than the guideline definition and is

not categorically a predicate offense. See Mathis v. United States, 136 S.Ct. 2243, 2253-54 (2016).

Accordingly, "[t]he prior conviction qualifies as [a predicate offense] only if the statute's elements are the same as, or narrower than, those of the [guideline definition]." Descamps, 133 S.Ct. at 2281. That is to say, if a defendant could be guilty of a violation of the statute of prior conviction by satisfying an element not present in the guideline or generic definition, it is not a predicate offense. Mathis, 136 S.Ct. at 2251 ("[A] state crime cannot qualify as [a] predicate if its elements are broader than those of a listed generic offense.").

If the statute of prior conviction is "divisible," that is, it "list[s] elements in the alternative[ ] and thereby define[s] multiple crimes," the Court may apply the modified categorical approach. Id. (quoting Mathis, 136 S.Ct. at 2249) (second alteration in original). Under this approach, courts may "consult 'a limited class of documents'—otherwise known as Shepard documents—'to determine what crime, with what elements, a defendant was convicted of.'"[1] Id. (quoting Mathis, 136 S.Ct. at 2249). The

---

[1]Shepard documents, among other things, include judgments of conviction, charging documents, plea agreement, plea colloquy, and jury instructions. See, e.g., Chang-Cruz, 659 Fed. Appx. at 117.

modified categorical approach, however, should be used only in the limited circumstances where the statute of prior conviction lists elements in the alternative, thereby creating a question as to which alternative element formed the basis of the conviction. Id. (citing Decamps. v. United States, 133 S.Ct. 2276, 2283 (2013). A statute is not divisible if it simply provides alternative "means" of satisfying an element of the crime. See Mathis, 136 S.Ct. at 2251.

**B.   Warner's Prior Convictions**

It is clear from the sentencing transcripts that the Court informed Warner he had four prior controlled substance convictions that potentially qualified as predicate offenses:

> THE COURT: There is a Chapter Four enhancement, as paragraph 23 [of the PSR] establishes. **You have five prior convictions for felony controlled substance offenses, four of which are accountable for criminal history scoring purposes** and the statutory maximum penalty for the instant offense is 20 years, so under guideline 4B1.1, as a career offender, your offense level is increased to a level 32. Do you have any questions about that?
>
> THE DEFENDANT: No.

Dkt. No. 16 at 16 (emphasis in original) (quoting sentencing transcript). The four prior convictions were 1) a 2003 conviction

in New Jersey, 2) a 2009 conviction in Maryland, 3) an Arizona conviction in 2010, and 4) an Arizona conviction in 2011.

*1.  Warner's 2003 New Jersey Conviction*

On February 10, 2003, Warner was arrested in New Jersey and charged with eight drug related crimes (dkt. no. 21-1 at 2). On June 8, 2004, he pleaded guilty to a violation of N.J.S.A. § 2C:35-7, for possession with intent to distribute cocaine within 1,000' of a school property or bus. That statute provides in pertinent part:

> Any person who violates subsection a. of N.J.S.2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or secondary school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus, is guilty of a crime of the third degree and shall, except as provided in N.J.S.2C:35-12, be sentenced by the court to a term of imprisonment.

Subsection a. of N.J.S.A. 2C:35-5 provides in pertinent part that:

> . . . [I]t shall be unlawful for any person knowingly or purposely:
>
> (1)  To manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog; or

10

> (2) To create, distribute, or possess or have under his control with intent to distribute, a counterfeit controlled dangerous substance.

The definition of controlled substance offense under the U.S.S.G. is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

It is clear from this statutory language that Warner's New Jersey conviction "qualifies as [a predicate offense] [because] the statute's elements are the same as, or narrower than, those of the [guideline definition]." Descamps, 133 S.Ct. at 2281. Indeed, there are no elements that Warner could have satisfied to be found guilty of the New Jersey statute that would not also fall within the guideline definition. Id.

Warner, however, argues that pursuant to the Third Circuit's decision in Chang-Cruz his New Jersey conviction does not qualify as a predicate offense. That argument, however, is meritless. Chang-Cruz analyzed whether a defendant's violation of N.J.S.A. § 2C:35-7(a) was a "violent felony" as defined in the Immigration and

11

Nationality Act that would have allowed the government to deport the defendant. Here, whether Warner's New Jersey conviction is a violent felony is immaterial; the relevant question is whether his New Jersey conviction qualifies as a controlled substance violation under federal sentencing guidelines, which the Court finds that it does. Chang-Cruz, therefore, does not apply.

### 2. *Warner's 2009 Maryland Conviction*

On February 6, 2009, Warner was arrested in Baltimore, Maryland, and charged with possession with intent to distribute marijuana in violation of Md. Crim. Law § 5-602. That statute provides:

> Except as otherwise provided in this title, a person may not:
>
> (1) distribute or dispense a controlled dangerous substance; or
>
> (2) possess a controlled dangerous substance in sufficient quantity reasonably to indicate under all circumstances an intent to distribute or dispense a controlled dangerous substance.

Both subsections (1) and (2) fall squarely within the guideline definition of a controlled substance offense. There are no elements that Warner could satisfy to be found guilty of Md. Crim. Law § 5-602 that are not also elements of U.S.S.G. § 4B1.2(b). Therefore,

Warner's prior Maryland conviction qualifies as a predicate offense.

   *3.   Warner's 2010 and 2011 Arizona Convictions*

On April 21, 2010, and July 8, 2011, respectively, Warner was charged with two separate violations of Arizona criminal statute A.R.S. § 13-3405, which provides that:

   A.   A person shall not knowingly:

      1.   Possess or use marijuana.

      2.   Possess marijuana for sale.

      3.   Produce marijuana.

      4.   Transport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana.

On review, this statutory language establishes that a defendant could be found guilty of <u>offering</u> to sell marijuana, an element not present in the guideline definition. Further, as A.R.S. § 13-3405 is clearly divisible into four distinct criminal subsets, the Court may apply the modified categorical approach to attempt to "figur[e] out which of the alternative elements listed . . . was integral to the defendant's conviction." <u>Mathis</u>, 136 S.Ct. at 2249.

Looking at the 2010 judgment of conviction (dkt. no. 19-1 at 2), it is evident that Warner pleaded guilty to "Possession of

13

Marijuana for Sale," a violation of A.R.S. § 13-3405(A)(2). The federal guideline definition of a controlled substance offense encompasses the elements contained in the statute under which Warner was convicted in 2010, and it therefore constitutes another predicate offense — his third — for purposes of his career offender status.

Turning to Warner's 2011 conviction (dkt. no. 19-1 at 4), he pleaded guilty to "Transportation of Marijuana," which is a violation of A.R.S. § 13-3405(A)(4). As noted, that subsection of A.R.S. § 13-3405 contains as an alternative element the act of offering to sell marijuana, which is not explicitly contained in the guideline definition. Notwithstanding this omission, Application Note 1. to U.S.S.G. § 4B1.2 provides further definition: "For purposes of this guideline — 'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and <u>attempting</u> to commit such offenses." (emphasis added).

Relying on <u>United States v. Hinkle</u>, 832 F.3d 569 (5th Cir. 2016), Warner contends that, because A.R.S. § 13-3405 contains offering to sell marijuana as an element, it is broader than the guideline definition and cannot qualify as a predicate offense. In

14

Hinkle, the Fifth Circuit held that a similar Texas statute, which also contained an offer to sell element, albeit as part of the definition of "delivery," was broader than the guideline definition.[2] Here, unlike the Texas statute, an "offer" is an element rather than a "means" of satisfying an element and, as such, subsection 4. of A.R.S. § 13-3405 is not further divisible. Consequently, the Court may only apply the categorical approach to that subsection.

In the Court's opinion, "offering to sell" marijuana is indistinguishable from "attempting" to sell marijuana as defined in Application Note 1., which would place the offer to sell element of A.R.S. § 13-3405(A)(4) within the guideline definition. As such, Warner's 2011 Arizona conviction likely qualifies as a predicate offense for purposes of establishing his career offender status. Nevertheless, even without his 2011 Arizona conviction, Warner qualifies as a career offender by use of any two of his three other prior predicate offenses.[3]

---

[2]It should be noted that the Fifth Circuit has held that an "offer to sell" was but one means of satisfying the element of "delivery" under the Texas statute. Thus, in accord with Mathis, the court was constrained to use only the categorical approach.

[3]Warner also cites several other cases for his proposition that the Arizona statute does not qualify as a predicate offense.

## IV. CONCLUSION

Warner was correctly sentenced as a career offender because he had at least two prior qualifying controlled substance offenses under U.S.S.G. 4B1.2(b). Further, Warner's claim of ineffective assistance of counsel based on allegations that his attorney failed to object to his career offender classification fail.

For the reasons discussed, the Court:

- **GRANTS** Warner's motions to supplement his petition (dkt. nos. 19, 21, and 23);

- **DENIES** Warner's motion to amend his petition (dkt. no. 15);

- **ADOPTS** those portions of the R&R to which Warner did not object (dkt. no. 16);

- **OVERRULES** Warner's objections (dkt. no. 18);

---

See Dkt. No. 19 at 5. As with Chang-Cruz, these cases are inapplicable here, as they address whether certain convictions qualify for deportation under the Immigration and Nationality Act. See Rosa-Castenda v. Holder, 630 F.3d 881 (9th Cir. 2011) overruled on other grounds by Young v. Holder, 655 F.3d 875 (9th Cir. 2011) (whether violation of A.R.S. § 13-3405 was an aggravated felony); Barragan-Lopez v. Mukasey, 508 F.3d 899 (9th Cir. 2007) (whether drug conviction was "crime of moral turpitude" warranting deportation); United States v. Ballesteros-Ruiz, 319 F.3d 1101 (9th Cir. 2003) (whether violation of A.R.S. § 13-3405 was an aggravated felony).

- **DENIES** and **DISMISSES** Warner's petition **WITH PREJUDICE** (dkt. no. 1), and **ORDERS** it stricken for the Court's active docket.

It is so **ORDERED**.

### **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a). The Court finds it inappropriate to issue a certificate of appealability in this matter because Warner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Warner has

failed to make the requisite showing, and **DENIES** a certificate of appealability.

The Court directs the Clerk to transmit copies of this Order to the pro se petitioner and counsel of record.

DATED: June 1, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE